1998 OK CIV APP 48

**James and Rachael FUGATE, husband and wife, Plaintiff/Appellants,**

v.

**Richard E. MOONEY and Shelter Insurance Company, Defendants,**

and

**The University Hospitals and Radiology Consultants, Inc., Appellees.**

No. 89178.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 24, 1998.

Monty L. Cain, M. Blake Yaffe, Oklahoma City, for Plaintiff/Appellants.

Robert E. Norman, Oklahoma City, for Appellees.

*OPINION*

HANSEN, Judge.

¶ 1 Plaintiff/Appellant James Fugate had stopped to help extinguish a roadside fire when Defendant Richard Mooney's vehicle struck him. He was crushed between two vehicles and sustained severe and permanent injuries. His medical bills totaled approximately $180,000.00. Fugate and his wife, Appellant Rachael Fugate (collectively Fu-

gate), sued Mooney for negligence and Shelter Insurance Co. for uninsured/underinsured motorists (UM) benefits. Mooney's insurer paid its coverage limit of $25,000.00, and Shelter Insurance Co. paid its UM coverage limit of $35,000.00. Fugate's contract with his attorney provided for a 35% attorney fee. Because his medical bills far exceeded the insurance proceeds, Fugate moved the trial court to distribute the proceeds.

¶ 2 The trial court ruled (1) physician's and hospital liens are similar and cannot attach to UM proceeds, (2) the attorney's lien has priority and shall be paid from the UM proceeds, (3) all liens shall be paid from the liability proceeds,[1] and (4) any balance shall be distributed proportionately to creditors. Fugate appeals, contending the order effectively (1) subordinates the attorney's lien under 5 O.S.1991 § 6 to the medical providers' liens under 42 O.S.1991 §§ 43 and 46, (2) allows the medical providers's liens to attach to UM proceeds, and (3) violates his right under 31 O.S.1991 § 1(A)(21) to exempt from attachment up to $50,000.00 of a claim for personal bodily injury. Appellees, The University Hospitals and Radiology Consultants, Inc. (Providers), are holders of hospital or physician's liens and support the trial court's order except to the extent it ordered insurance proceeds paid to unsecured creditors.

¶ 3 Fugate asserts the attorney's lien should be satisfied by deducting 35% from both the liability proceeds and UM proceeds. The balance of the liability proceeds would then be paid to the medical lienholders and the balance of the UM proceeds would be paid to Fugate. The result of this distribution would be Providers receive less and Fugate receives more than under the trial court's order.

■ ¶ 4 Fugate relies on *Vinzant v. Hillcrest Medical Center (Vinzant),* 1980 OK 50, 609 P.2d 1274, for the proposition he is entitled to deduct his attorney's fee from a specific check when the total of the attorney's lien and the hospital lien exceeds the liability settlement proceeds. However, in *State ex rel. Dept. of Human Services v. Allstate Ins.*

Co., 1987 OK 91, 744 P.2d 186, 188, the Court clarified *Vinzant,* stating the case does not impose a duty of pro rata payment of attorney fees on lienholders. An attorney's lien is a senior lien that attaches to the entire settlement, not to individual checks in payment of the settlement. Once sufficient settlement funds have been collected to pay the attorney's fee in full, the lien is extinguished. *Id.* at 189.

■ ¶ 5 The senior lien of Fugate's attorney, therefore, attached to the entire settlement. Providers' liens attached only to the proceeds of Mooney's liability insurance. Under the doctrine of marshaling, a senior lienholder must satisfy its claim by first resorting to the fund in which junior lienholders have no interest. *Martin, In re,* 1994 OK 48, 875 P.2d 417, 420, and 24 O.S. 1991 § 4. The trial court properly required Fugate's attorney to satisfy his claim by resorting first to the UM proceeds, in which Providers had no interest and which were sufficient to satisfy the attorney's lien in full. The attorney's lien in the liability proceeds was thereby extinguished, and the hospital and physicians' liens became senior.

■ ¶ 6 Pursuant to 31 O.S.1991 § 1(A)(21), a person's "claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages," is exempt from attachment for the payment of debts. Both Fugate and Providers agree the trial court violated Fugate's right to this exemption when it ordered the balance of the UM proceeds be distributed to his unsecured creditors. Accordingly, we **REVERSE** the trial court's order to the extent it ordered the "balance remaining if any to be distributed proportionately to creditors," and **AFFIRM** it in all other respects.

ADAMS, J., and BUETTNER, P.J., concur.

---

1. Although this provision of the order is unclear, the parties treat it to mean all liens other than the attorney's lien will be paid from the liability proceeds. This interpretation is consistent with the context.