2010 OK CIV APP 69

**Angela HUDSON, Plaintiff/Appellant,**

v.

**Jerry FISHER, an individual, and Richard Harris, d/b/a Harris Contractors, Defendants,**

**MRI Specialists of Tulsa, Appellee.**

**No. 106,901.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 11, 2010.

Doak Willis, Tahlequah, OK, for Appellant.

Michael R. Green, Tulsa, OK, for Appellees.

LARRY JOPLIN, Presiding Judge.

¶1 Plaintiff/Appellant Angela Hudson seeks review of the trial court's order directing her attorney to refund a portion of his attorney's fees to satisfy a claim by one of Plaintiff's medical lien holders. Plaintiff challenges the trial court's order as affected by errors of law and fact.

¶2 Plaintiff suffered injury in an automobile collision with the vehicle operated by Defendant Jerry Fisher, and owned by Defendant Richard Harris. For her injuries, Plaintiff received medical treatment from, *inter alia*, Appellee MRI Specialists of Tulsa (Appellee).

¶3 Plaintiff subsequently employed attorney Doak Willis (Willis) to press her claim for tort damages against Defendants. Plaintiff agreed to pay Willis attorney fees of up to fifty percent (50%) of recovery.

¶4 The case proceeded to mediation, where the parties reached a settlement agreement. However, the amount of the settlement was insufficient to pay all medical claims and the full amount of the contingent fee.

¶5 Defendants subsequently filed a petition in interpleader, asserting their status as mere stakeholders of the settlement fund. The trial court granted interpleader and discharged Defendants.

¶ 6 Plaintiff then filed a Motion to Allocate the settlement proceeds between Appellee, ten other medical lien claimants, her previous attorney, and her current attorney, Willis. However, Willis failed to mail a copy of the motion to Appellee.

¶ 7 On May 16, 2008, the trial court conducted a hearing on the Motion to Allocate. Willis appeared for Plaintiff, and representatives of three other medical lien claimants also appeared, but Appellee did not. On Willis's representation of proper notice to all claimants, and on consideration of the argument of those present, the trial court directed payment of $35,000.00 to Plaintiff, $35,080.63 in attorney's fees to Willis, and the remainder to five medical lien holders.

¶ 8 On June 5, 2008, Appellee filed a motion to vacate, challenging validity of the allocation order for lack of notice to them. The trial court agreed with Appellee and vacated the earlier order.

¶ 9 Appellee then filed an Application for an order directing repayment of the funds previously distributed and a reallocation of the settlement proceeds. After a hearing, and by amended findings of fact and conclusions of law, the trial court held:

Plaintiff Angela Hudson and her attorney, Mr. Doak Willis, were aware of the medical lien asserted by MRI Specialists of Tulsa against the settlement proceeds.

Counsel for Plaintiff Angela Hudson, Mr Doak Willis, moved the Court for allocation of funds, pled to the Court and represented to the Court that he had given proper notice to all of the medical lien holder providers.

Mr. Willis has admitted in open Court on several occasions that he failed to give adequate and proper notice to MRI Specialists of Tulsa, Inc., in the Motion to Allocate Funds or of the hearing date to distribute the settlement funds.

. . . .

Mr. Doak Willis represented to the Court that MRI Specialists of Tulsa, Inc., medical lien holder had been provided adequate notice pursuant to the Oklahoma Constitution.

. . . .

Mr. Doak Willis failed to provide adequate and proper notice to MRI Specialists of Tulsa pursuant to the Oklahoma Constitution and by presenting an Order Allocating Funds and Amended Order Allocating Funds representing to the Court that proper notice was given to MRI Specialists of Tulsa, Inc. prior to the distribution of the settlement funds.

. . . .

Mr. Doak Willis, by filing his Order Allocating Funds and Amended Order Allocating Funds caused the pleading to be filed which was a misrepresentation of the facts.

The distribution of settlement funds to Plaintiff Angela Hudson without making provisions for the liens of MRI Specialists of Tulsa constitutes a wrongful payout of the settlement funds in derogation of their liens . . .

Plaintiff Angela Hudson and her attorney, Mr. Doak Willis, are ordered to deposit $9,857 with the Court Clerk of Cherokee County, Oklahoma. This is consistent with the Court's Order of October 30, 2008. This amount will satisfy the claims of those lien holders who were not given notice of distribution of funds.

Plaintiff filed a motion to vacate, which the trial court denied.

¶ 10 Plaintiff now appeals. In seven propositions, Plaintiff challenges the trial court's order as contrary to law, equity and the facts of this case.[1]

1. In the first proposition, Plaintiff argues that, by force of 42 O.S. § 46, Willis's claim for attorney's fees is superior to the lien claim of any of Plaintiff's medical providers, and, in the seventh proposition, Plaintiff argues that MRI Specialists never proved the filing and attachment of their lien as required by 42 O.S. § 46. In the second proposition, Plaintiff argues the trial court abused its discretion in refusing to vacate the order directing Willis's repayment of a portion of the attorney's fee previously distributed to him. In the third and fourth propositions, Plaintiff argues her attorney has no legal duty or responsibility to pay off all her medical providers. In the fifth proposition, Plaintiff argues the evidence demonstrated MRI Specialists received the court's notice of hearing on the motion to allocate but nevertheless failed to appear, and therefore suffered no remediable denial of a share of the settlement proceeds. In the sixth proposi-

¶ 11 "It is recognized that the right of interpleader is an equitable remedy[,] [a]nd, where the request for interpleader is approved the questions to be considered are equitable in nature." *Welch v. Montgomery*, 1949 OK 80, ¶ 11, 201 Okla. 289, 205 P.2d 288, 290. In interpleader, where the proceeds of a settlement are insufficient to pay all valid claims, the trial court possesses the authority and discretion to apportion the settlement proceeds among the competing claimants. *Burchfield v. Bevans*, 242 F.2d 239, 241–242 (10th Cir.(Okl.) 1957). (Footnotes omitted.)

¶ 12 "When there are several competing claimants of whom it has timely knowledge, the agent ... acts at its own peril when paying out the proceeds without interpleading all parties claimant in a proper action." *Shebester v. Triple Crown Insurers*, 1992 OK 20, ¶ 21, 826 P.2d 603, 611. And, to the extent a medical provider possesses a protected property interest to receive payment for services rendered, the right to payment may not be terminated without notice. *Baptist Medical Center of Oklahoma, Inc. v. Transcon Lines*, 1993 OK 38, ¶ 20, 852 P.2d 139, 144.

¶ 13 A medical lien claimant clearly possesses such a protected property right. So, where an affected medical lien claimant receives no notice of the interpleader of settlement proceeds from which payment for the medical treatment should be made, we hold the trial court possesses the equitable authority and discretion to vacate the previous division, recapture funds previously paid out, and affect a new division of the settlement proceeds as is just and reasonable.

¶ 14 In the present case, Willis's attorney's lien is superior only to funds in which junior lienholders have no interest. 24 O.S.1991 § 4; *Fugate v. Mooney*, 1998 OK CIV APP 48, ¶ 5, 958 P.2d 818, 819; *In re Martin*, 1994 OK 48, ¶ 17, 875 P.2d 417, 420. In the present case, there is only one fund in which all the lien claimants are entitled to a share. Willis's attorney's lien claim is not superior to the claims of the medical lien claimants.

¶ 15 Further, Willis confessed he did not adequately notify Appellee of his Motion to Allocate, and the trial court held Willis misrepresented the adequacy of notice given to Appellee. For lack of notice, Appellee was deprived of its right to appear and assert its claim to a portion of the settlement proceeds. The rights of Appellee could not be terminated without notice.

¶ 16 Given this lack of notice, we hold the trial court, in the proper exercise of its equitable powers, vacated the initial division, and recaptured the funds previously paid out to Willis as attorney's fees to satisfy the claim of Appellee. Having reviewed the record, and under the circumstances of this case, we cannot say the trial court abused its discretion.

¶ 17 The order of the trial court is AFFIRMED. Appellee's request for attorney's fees under 20 O.S.2001 § 15.1 is denied.

MITCHELL, J., concurs.

ROBERT DICK BELL, V.C.J., concurs in part and dissents in part.

I think Appellee's request for attorney fees is appropriate in this case.

---

tion, Plaintiff asserts the trial court erred in granting relief to MRI Specialists in the full amount of the claim, exceeding MRI Specialists's request for only an equitable apportionment. In the eighth, ninth and tenth propositions, Plaintiff challenges the trial court's orders as contrary to Oklahoma law, principles of equity, and the weight of the evidence.