AMERICAN INVESTMENT COMPANY v. BAKER.

No. 14865—Opinion Filed Nov. 12, 1924.

1. Assignments—Payment to Assignor of Debt After Notice.

Payment to the assignor of a debt, or discharge or release by him after notice to the debtor of the assignment to another party, is no defense to the claim of the assignee.

2. Assignments—Essentials.

The intention of the assignor must be to transfer a present interest in the debt or fund or subject-matter; if this is done, the transaction is an assignment.

3. Appeal and Error—Prejudicial Error— Failure to Submit Defense in Instructions.

In a case tried to a jury, it is the duty of the court to submit, by appropriate instructions, the theory of the defendant where there is evidence reasonably tending to support the same, and the failure of the court to give requested instructions, which are correct and applicable, either in the language requested or substantially so, is reversible error.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Harry A. Baker against the American Investment Company, a corporation, to recover the sum of $220. Judgment for plaintiff. Defendant brings error. Reversed.

Rainey & Flynn, H. E. Oakes, and Calvin Jones, for plaintiff in error.

Robert Burns, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Oklahoma county, Okla., by Harry A. Baker, defendant in error, plaintiff below, against the American Investment Company, a corporation, plaintiff in error, defendant below, to recover the sum of $220 as a balance claimed to be due him on a commission for securing a loan for said plaintiff in error.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff claimed to have secured a loan for $22,000 on lands belonging to Walter W. Payne for the defendant company: that the entire commission for securing said loan amounted to $4,400, of which the plaintiff claimed that he was entitled to 25 per cent., or the total sum of $1,100, and the defendant claimed that he was only entitled to 20 per cent., or the sum of $880, which last amount, both parties agree, has been paid to plaintiff by defendant, leaving the sum of $220 in dispute.

In the course of the trial the plaintiff, Harry A. Baker, himself, testified:

"Q. Mr. Baker I ask you if you didn't have an arrangement with Mr. Payne, the borrower, whereby he was to have one-half of your commission?

"A. I had no arrangement. I offered that to him after he agreed for the loan, as we were partners in business. I granted that to him after the loan was negotiated for.

"Q. But at that time he had and owned one-half title to the commission?

"A. Yes."

The cause was tried to a jury and at the close of all the evidence in the case, in view of the above testimony, the defendant requested two instructions, which were refused by the court and are as follows:

"I. You are instructed that the plaintiff having admitted in this case that he had assigned one-half of his claim sued upon herein to Walter W. Payne and that Walter W. Payne is now the owner of the said one-half thereof that therefore this plaintiff could in no event recover to exceed one-half of the sum sued for or one-half of the sum of $220 which is $110.

"II. You are instructed that if you find from the evidence in this case that the plaintiff herein has assigned one-half of his claim sued upon herein to Walter W. Payne and that the said Walter W. Payne is now the owner of an undivided one-half thereof that then you cannot find in any event for the plaintiff in a sum exceeding one-half of said amount so sued for or the sum of $110."

The jury returned its verdict in favor of the plaintiff and against the defendant in the sum of $220.

Motion for new trial was filed, heard, and overruled, and judgment was pronounced on the verdict in favor of the plaintiff by the court in the sum of $220, from which judgment the defendant brings error.

There seems to be only one assignment of

error contended for and that is. that the court erred in its refusal to give the two special instructions, heretofore set out in this opinion, and that the judgment of the court is therefore contrary to the law and the evidence.

This court has repeatedly held:

"In a case tried to a jury, it is the duty of the court to submit, by appropriate instructions, the theory of the plaintiff, where there is evidence reasonably tending to support the same, and the failure of the court to give requested instructions, which are correct and applicable either in the language requested or substantially so, is reversible error."

See the case of Bristow v. Central State Bank et al., 68 Okla. 195, 173 Pac. 221.

An examination of the instructions of the court discloses that no instruction was given covering this phase of the case.

It is contended by attorneys for defendant, in their brief, that, on the plaintiff's own testimony, he could not have possibly recovered over one-half of the amount sued for as he had set over and assigned the one-half of the amount sued for to W. W. Payne. If the testimony of the plaintiff shows such assignment, then the plaintiff could not maintain this action for the entire amount for himself for the benefit of W. W. Payne, and if they were partners, as testified by him, that he could not maintain the suit individually for the partnership, but that the plaintiff would have to be joined by the defendant as the owner of a one-half interest or Payne would have to bring a separate action for a one-half interest. That a payment of the entire amount by the defendant to Baker with notice of Payne's interest therein would not discharge it from liability to Payne for his one-half interest.

Section 65, 5 C. J., under the head of "Assignments," provides:

"In a few jurisdictions, assignments in general, or assignments of certain choses in action must be in writing. So it has been held that an assignment of a chose in action implies generally some kind of a written acknowledgment by the assignor. But it may be stated as a general rule that a valid equitable assignment of a debt or other chose in action, whether evidenced by a writing or not, may be made by parol, and usually it is not important whether an assignment is in writing or by parol."

Section 78, 5 C. J., among other things, provides:

"The intention of the assignor must be to transfer a present interest in the debt or fund or subject-matter; if this is done the transaction is an assignment."

Section 148, 5 C. J., is as follows:

"But payment to the assignor, or discharge or release by him after notice to the debtor of the assignment, is no defense to the claim of the assignee; nor may the debtor, after receiving such notice, acquire new obligations of the assignor and offset them to the prejudice of the assignee."

Section 60, 5 C. J., provides that partial assignments of a chose in action can be made so as to entitle the assignee to the right of a co-owner against the assignor, and courts of equity have always recognized assignments of choses in action for many purposes, and will protect the assignees under such partial assignments whenever they can do so without working a hardship upon the debtor.

It is our opinion that the plaintiff, Harry A. Baker, could not maintain this action for that portion of the $220 admitted by him to be owed to Payne; that the transaction between Payne and Baker amounted to such that both Payne and Baker became joint owners of the claim, and that to entitle them to a recovery of the full amount, Payne should have been joined with Baker as plaintiff in the action; that Baker could not recover in his own name for the benefit of the partnership. The facts appearing in the admissions of the plaintiff in his testimony before the court, and this fact having been specially called to the attention of the court by the defendant in its request for the two instructions, complained of, and the court not having touched upon this proposition in its general instruction, we are forced to conclude that the defendant was deprived of a legal right to have this phase of the case presented to the jury under appropriate instruction, and that the refusal of the court to give the requested instruction was reversible error, being prejudicial to the rights of the defendant.

This court has said that a refusal by the court to present plaintiff's theory of the case to the jury by appropriate instructions was reversible error, in the following language:

"The court refused the instructions requested and did not cover plaintiff's theory of the case in the general charge. This was reversible error. Eccleston v. Edens, 50 Okla. 237, 150 Pac. 882; Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057."

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby reversed.

By the Court: It is so ordered.