## WILSON v. CRUTCHER et al.

No. 24026.    April 7, 1936.

Cad Mathis, for plaintiff in error.

William A. Cornish and John E. Layden for defendants in error.

PER CURIAM. The parties are here referred to as they appeared in the trial court. All the parties to this action were stockholders in the City National Bank of Mc-Alester, Okla. The bank went into voluntary liquidation and disposed of its assets. A creditor of the bank obtained judgment against the then nonexistent bank and thereafter brought suit in the United States District Court for the Eastern District of Oklahoma against the plaintiffs herein to enforce stockholders' liability under section 63, title 12, of the Annotated Code of the United States. The defendant herein, although a stockholder, was not made a party to the creditor's suit. The plaintiffs herein paid the judgment; and in this suit these plaintiffs seek to require the defendant to pay his proportionate part of the judgment secured by the creditor in the action in the United States District Court.

The defendant appeals from the judgment of the trial court rendered in favor of the plaintiffs; and the errors complained of may be considered under four propositions.

1. The district court of Pittsburg county had jurisdiction to entertain the action. Defendant contends that the District Court of Pittsburg county was without jurisdiction to entertain the action for the reason that section 65 of the act above referred to, relating to stockholder's liability in a national bank, provides in effect that when it is sought to enforce the liability of individual stockholders, an action therefor must be brought in the federal court. But section 65 of the act in question provides:

"When any national banking association shall have gone into liquidation under the provisions of section 181 of this title, the individual liability of the shareholders provided for by section 63 of this title, may be enforced by any creditor of such association, by bill in equity in the nature of a creditor's bill, brought by such creditor on behalf of himself and of all other creditors of the association, against the shareholders thereof in any court of the United States having original jurisdiction in equity for the district in which such association may have been located or established."

It is clear that this section refers to an attempt by a **creditor** to enforce a stockholder's liability. The action here is an attempt to compel the defendant, a stockholder, who was not joined in the federal court suit, to contribute his proportionate part of the judgment which was rendered against the plaintiffs, the other stockholders, they having paid the judgment. The doctrine of contribution rests upon the principle that one shall not be required to bear a common burden in ease of the rest; it comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation. See 13 C. J. 821, sec. 2. Obviously, if this were an action by a creditor to enforce stock-

holder's liability in a national bank, under the national banking laws above referred to, it could not be maintained in the state court. But such is not this action. It is, as suggested, simply an action to compel the defendant to contribute his proportionate part to the ones who discharged an obligation which was both his and theirs.

2. The claim is not barred by the statute of limitations. The plaintiffs paid the obligation on January 22, 1931, and this action was commenced on May 14, 1931. The right to enforce contribution is not complete and enforceable until payment or discharge in whole or in part of the common obligation is made; hence the statute of limitations does not begin to run against a claim for contribution until plaintiff has discharged the common debt, or paid more than his share of it. 13 C. J. 833, sec. 27; 6 R. C. L. 1041, sec. 5.

3. Judgment was not rendered for an excessive amount. Defendant contends that, even if plaintiff had been entitled to a judgment, the same should have been "in the neighborhood of $65." The trial court rendered judgment for $134.34. Defendant's contention is based upon the proportion that his shares of stock bears to the total number of shares. He fails to take into account the fact that certain of the stockholders were insolvent. In determining that $134.34 was the proper proportion that the defendant was required to contribute, the trial court had regard only to those solvent debtors who were called upon to make contribution. In this the trial court was correct. The rule is that in determining the proportion which each debtor should contribute, regard will be had only to the solvent debtors. See 13 C. J. 825. sec. 10, and cases cited; 6 R. C. L. 1037, sec. 3.

4. The certified copy of the judgment of the United States District Court for the Eastern District of Oklahoma was properly admitted in evidence. Over the objection of the defendant, the trial court permitted plaintiffs to introduce in evidence a copy of the judgment rendered by the United States District Court for the Eastern District of Oklahoma duly certified by the clerk thereof, in the action wherein the creditor had obtained judgment against the plaintiffs. Defendant contends that the certification of a copy of the judgment by the clerk of the United States District Court for the Eastern District of Oklahoma was not sufficient to permit the introduction in evidence of the copy of the judgment of said court. In Carter v. Barry, 154 Okla. 145, 7 P. (2d)

448, we held that the certificate of the clerk of a federal court within this state that certain record of judgments are full, true, and correct copies of originals on file is a sufficient authentication of papers and record, under C. O. S. 1921, sec. 638 (O. S. 1931, sec. 321), so as to entitle them to be received in evidence.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Saul A. Yager, J. A. Duff, and Henry L. Fist in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Yager and approved by Mr. Duff and Mr. Fist, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.