**CRANE MANUFACTURING COMPANY and Continental Casualty Company, Petitioners,**

**v.**

**Jack C. BROWN, Bobby Lee Bauer and State Industrial Court, Respondents.**

**No. 40634.**

Supreme Court of Oklahoma.

July 7, 1964.

Dennis J. Downing, Tulsa, for petitioners.

Jack C. Brown, Miami, Frank Mahan, Fairfax, for respondents.

JACKSON, Justice.

This is an original proceeding in this court brought by Crane Company and its insurance carrier, Continental Casualty Company, to review an award of an attorney fee to Jack C. Brown in a case he filed for Bobby Lee Bauer, an injured employee of Crane Company, before the State Industrial Court. The merits of Bauer's claim are not involved in this review.

Bauer was injured on June 13, 1962. Shortly thereafter he asked his employer to furnish him with medical treatment (surgery for hernia) and was refused. On July 2, 1962, his attorney, Jack C. Brown, filed an Employee's First Notice of Injury and Claim for Compensation (Form 3) with the State Industrial Court. This instrument bore at the bottom the name and address of claimant's attorney and identified him as such. On July 9, 1962, the Employer's First Notice of Injury was filed with the State Industrial Court; this instrument was signed by employer's personnel manager and was dated July 5, 1962. On July 11, 1962, an adjuster for Employer's insurance carrier mailed Bauer a check representing temporary compensation for two weeks and advised him in the letter of enclosure that he would be paid temporary compensation for another twelve weeks. No attorney fee was

paid to Brown and he was not consulted with regard to the payments made to Bauer.

On October 3, 1962, notice of a hearing on the claim was given, apparently at Brown's request. On October 12, 1962, Brown learned that Bauer had already been paid the statutory amount for a hernia injury. It appears that no hearing was had on the notice previously issued, but that Brown made demand for payment of an attorney fee upon the employer and insurance carrier and was refused. He later caused a new notice of a hearing to be given for the purpose of fixing his fee.

At this hearing Bauer testified, among other things, that he informed his employer that his lawyer had filed a claim with the State Industrial Court before he was furnished with any medical treatment. He also testified that he told employer's personnel manager that he had filed a Form 3 before the personnel manager called the insurance company.

For the employer and insurance carrier, an insurance adjuster testified that he handled the claim; that the first notice from the employer was received on July 6, 1962; that he caused the payments to be made as outlined above; that he did not know until October 12, 1962, that claimant had an attorney; that he "couldn't say" when the Crane Company first had notice that an attorney was involved.

The trial judge entered an order containing a finding that the "respondent" had notice that claimant had employed Brown and that respondent and its insurance carrier had settled the claim without consulting Brown. He ordered the employer and insurance carrier to pay Brown a fee in the amount of 20% of the compensation paid to Bauer.

■■ In this court, petitioners (employer and insurance carrier) argue the single proposition that "A claim of an attorney for legal services in connection with a claim of an injured employee arising under the provisions of the Workmen's Compensation Act is not enforceable against the proceeds of temporary total compensation voluntarily paid to an injured workman." The gist of the argument, if we understand it properly, seems to be that since the compensation was paid to Bauer before the State Industrial Court approved Brown's fee, the petitioners are not now liable for the fee. The cases principally relied upon are Carr v. State Industrial Commission, 157 Okl. 140, 11 P.2d 134, and Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858.

However, petitioners have overlooked the later case of Helmerich and Payne, Inc., v. State Industrial Commission, 187 Okl. 335, 102 P.2d 586, which was related to the appeal in the Conrad case. In the later case, this court said:

"* * * [W]e hold that the claim of an attorney for a fee for services rendered a claimant, when asserted, should be protected, and that an employer who with notice of such claim, acting alone or in concert with the claimant, attempts by any plan or method to deprive such attorney of the right to establish his fee, and pursuant to such plan or method pays to the claimant the fund charged with payment of the attorney's fee, may not successfully assert such payment as a defense when thereafter the attorney establishes the amount of his fee as provided by the act, and the amount thereof is approved by the Commission. And if there is any statement in Carr v. State Industrial Commission, or in Conrad v. State Industrial Commission, from which an inference may be drawn contrary to the views herein expressed it is hereby expressly disapproved."

■ In the briefs, petitioners invite our attention to the fact that in the Employee's First Notice of Injury and Claim for Compensation, the employer was identified as "Crane Manufacturing Company," while its correct name is "Crane Company," and the inference is that the employer did not receive a copy of the Form 3 from the State

Industrial Court, and therefore did not know that claimant was represented by an attorney. In view of the fact that the Form 3 contained the precise street address later shown on the Employer's First Notice of Injury filed by the employer's personnel manager, we do not believe the inference is justified. We note also that the Employer's First Notice of Injury also identified the employer as "Crane Mfg. Co." In any event, Bauer's testimony that he told employer's personnel manager about the filing of the Form 3 by his attorney before the insurance company was ever notified stands uncontradicted, and is competent evidence in support of the trial judge's finding that employer had knowledge that claimant was represented by counsel before the compensation payments were made.

The award is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.