**HARDWARE MUTUAL CASUALTY
INSURANCE COMPANY,**
Plaintiff in Error,

v.

**SKELLY OIL COMPANY, a Corporation,**
Defendant in Error.

No. 40742.

Supreme Court of Oklahoma.

March 9, 1965.

Saied & Porter, Oklahoma City, for plaintiff in error.

Sam C. Oliver, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This action is a sequel to Skelly Oil Co. v. Darling, Okl., 375 P.2d 917. That action arose out of a personal injury one Delbert Darling, Jr., suffering in a lubrication hoist accident, while working as an attendant on August 22, 1958, at a service station leased by Skelly Oil Company, hereinafter referred to merely as "Skelly" or "defendant", and subleased and operated by one W. T. Barnett.

Thereafter, Darling filed a workmen's compensation claim in the tribunal then named the State Industrial Commission, against Barnett, d/b/a Skelly Service Station and Barnett's insurance carrier, Hardware Mutual Casualty Insurance Company, the plaintiff in error herein.

Under the workmen's compensation insurance policy the latter had issued to Barnett, Darling received treatment and benefits defrayed by plaintiff in error, in the sum of $1146.12. On August 21, 1959, the Industrial Commission entered an order, pursuant to Darling's motion, authorizing him to pursue his common law remedy against Skelly and holding "in abeyance" his industrial commission claim " * * * pending the outcome of such third party claim."

Thereafter, Darling instituted the aforementioned district court damage action appealed here as Skelly Oil Co. v. Darling, supra. During that case's pendency, and more than a year before its trial, plaintiff in error, hereinafter referred to as "Hardware Mutual" or "plaintiff", apprised Skelly, by a letter dated February 5, 1959, signed by its Claims Examiner, of the compensation benefits it had previously paid to Darling, or on his account. The letter further stated:

"We are legally entitled to Mr. Darling's right of recovery against you to the extent of our payment. Therefore, any settlement of the claim by you, or your insurance company, must recognize our right of subrogation and provide for reimbursement direct to us. * * *."

On the third day after this court's mandate in Skelly Oil Co. v. Darling, supra, was thereafter spread of record in the District Court on September 17, 1962, Skelly paid Darling the full amount of his 40-thousand-dollar judgment therein affirmed, without withholding any part of it for Hardware Mutual, or recognizing, in any manner, that it had any claim upon said fund.

It was not until April 1, 1963, that Hardware Mutual instituted this action, as plaintiff, against Skelly, as defendant, to recover the aforementioned $1146.12 it had expended in compensation insurance benefits on account of Darling's injuries in the service station accident. In its order sustaining the combination general and special demurrer said defendant filed to said plaintiff's petition on the ground, among others, " * * * that the cause of action therein attempted to be stated * * * arose more than two years next preceding the commencement of this action", the lower, or trial, court stated, among other things in substance, that if plaintiff's action is based upon the same tort that was the subject of Darling's action in Skelly v. Darling, supra, it is barred by the two-year Statute of Limitations, Tit. 12 O.S.1961, § 95, citing State Insurance Fund v. Taron, Okl., 333 P.2d 508. From this order, and/or judgment, sustaining defendant's demurrer and dismissing the action, plaintiff has perfected the present appeal.

Plaintiff's arguments for reversal are presented under three Propositions, but we need not discuss all of them in detail, if, under State Insurance Fund v. Taron, supra, the action was barred by the 2-year Statute of Limitations. Plaintiff seeks to distinguish this case from the Taron case, however, and in this connection mentions that in the cited case, the insured workman made no election to proceed against his employer's compensation insurance carrier until more than two years after his injury. With reference to that fact, plaintiff then says: "The insurance carrier being in the same position as the injured workman,

naturally had no cause of action after two years."

In the above quoted statement, we think plaintiff, in effect, concedes that our opinion in the Taron case is dispositive of this case, and that the judgment appealed from is correct, despite plaintiff's further, and inconsistent, argument that its action was not barred by the two-year statute, because it could not arise until after this court had upheld defendant's liability to Darling in Skelly v. Darling, supra. Plaintiff's latter position is unsound and contrary to what we said in the Taron case regarding causes of action like the one here involved. There, we followed, and quoted extensively with approval, the opinion of the Supreme Court of Kansas, in Maryland Casualty Co. v. Ladd, 121 Kan. 659, 249 P. 687, which, we there said held that a compensation insurance carrier who pays a workman compensation insurance benefits "* * * for an injury sustained because of the negligence of a third party, must bring its action to recover the amount paid within two years after the injury occurred; * * *". In the more recent case of American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 122 N.W.2d 178, as in the present case, no distinction was made between the cause of action of the injured workman's employer, and that of the latter's insurance carrier, against the third party causing the workman's injury. There, the Minnesota Court quoted, among others, the following statement from its previous opinion in City of Red Wing v. Eichinger, 163 Minn. 54, 203 N.W. 622:

\* \* \* \* \* \*

"When the employer has paid or obligated himself to pay an award of the Industrial Commission, he is, by virtue of the statutory subrogation, authorized to bring and maintain, in his own name, an action against a third person whose negligence was the proximate cause of the injury to the employé * * * to recover a sum not in excess of the award."

In the present cause, plaintiff's petition is worded so that it plainly represents that its payment to Darling was made not later than the State Industrial Commission's order of August 21st, 1959, authorizing Darling to sue Skelly. Thus, assuming, without deciding, that the Minnesota Court's above quoted language indicates when the cause of action of the employer, and/or his compensation insurance carrier, accrues against the third party tort feasor, and that Hardware Mutual's cause of action against Skelly therefore accrued not later than August 21, 1959, it will be seen that more than two years had elapsed before Hardware Mutual, as plaintiff in this action, commenced it on April 1, 1963. The obligation of Darling's employer, Barnett, and/or his insurance carrier, Hardware Mutual, being one of statutory subrogation, rather than of indemnification, its accrual was not delayed until defendant's liability was finally determined in Skelly Oil Co. v. Darling, supra. Darling's right to medical treatment and/or compensation benefits under the policy of workmen's compensation insurance plaintiff had issued to his employer, Barnett, in no manner hinged, or was dependent, upon Skelly's liability to Darling in tort; nor did plaintiff's right to seek reimbursement thereof against said tort feasor need to await a prior determination of that kind of liability. We find no fact, or legal element, in the present case to effect an obstacle to, or tolling of, the running of the two-year Statute of Limitations in regard to plaintiff's recovery against defendant before institution of this action. Nor, is there anything concerning the doctrine of subrogation (discussed under plaintiff's Proposition III) as properly applied to cases of this character, that would cause the notice plaintiff gave defendant by its (unanswered) letter of February 5, 1959, to affect this result. In this case, it is interesting to note the criticism that has been directed toward treating the doctrines of subrogation and indemnification, as applied to property insurance cases (such as plaintiff cites under its third proposition) applicable, in

the same manner and extent, to workmen's compensation cases. See the discussion in Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co., 4 Cir., 115 F.2d 277, 280–283, incl.

As we have found in none of the arguments presented by plaintiff sufficient cause for reversing the order and/or judgment of the trial court, the same is hereby affirmed.

HALLEY, C. J., and DAVISON, JOHNSON and WILLIAMS, JJ., concur.

JACKSON, IRWIN and BERRY, JJ., concur in result.