Raymond BROWN, Plaintiff in Error,

v.

R. R. GOLDSMITH and Roland E. Gold-smith, Defendants in Error.

No. 41656.

Supreme Court of Oklahoma.

Jan. 23, 1968.

Funston Flanagan, Walters, for plaintiff in error.

O. L. Peck, Jr., DeBois & Peck, Duncan, for defendants in error.

HODGES, Justice.

This appeal involves an action for declaratory judgment seeking an adjudication on the proportion of contribution between co-guarantors.

On May 1, 1964, a certificate of incorporation was issued to the R & R Commission Company, Inc. The plaintiffs each own a one-fourth of the outstanding and authoriz-

ed shares of the corporation, and the remaining one-half stock is owned by the defendant.

On May 15, 1964, the plaintiffs and the defendant executed a Loan Guaranty Agreement to the Oklahoma National Bank of Duncan. This agreement was a continuing guarantee to the bank for the payment of all bills, notes, checks, drafts or other evidence of debt made or endorsed by the R & R Commission Company, Inc.

The corporation was unsuccessful and is now defunct leaving an indebtedness to the bank in the amount of $20,971.73. The plaintiffs and defendant recognize that they are jointly and severally liable to the bank for this indebtedness under their guaranty agreement. But they do dispute the amount of the indebtedness each of them owe as between themselves.

The plaintiffs contend that the indebtedness should be paid by the parties in proportion to the amount of stock owned by them in the corporation. The defendant asserts that inasmuch as the guaranty agreement made by the parties to the bank was joint and several, without any agreement for payment as between themselves, the indebtedness should be borne by them in equal shares. The trial court entered judgment for the plaintiffs and defendant appeals.

■ The general rule appears to be that each co-obligor is required to contribute equally in discharging a common obligation in the absence of an agreement to the contrary. But this rule is subject to various exceptions and qualifications. See, Anno., 64 A.L.R. 213; 18 Am.Jur.Contribution, § 19. One of the exceptions is where the co-obligors have received unequal benefits from the obligation. The right to contribution is an independent right founded upon the principles of equity and natural justice. Wilson v. Crutcher, 176 Okl. 481, 56 P.2d 416; Lorimer v. Julius Knack Coal Co., 246

Mich. 214, 224 N.W. 362, 64 A.L.R. 210. We find that the particular circumstances found in this case places it within the equitable exception to the general rule.

■ Although there is a division of authority, we are of the opinion that where the receivable benefits from an obligation of the co-obligors are unequal, the application of equitable principles may, in absence of an agreement, destroy the equality of contribution as between them. Greene v. Anderson, 102 Ky. 216, 43 S.W. 195; Maresh v. Jennings, Tex.Civ.App., 38 S.W.2d 406. The court in Reel v. Combes, 250 Ohio App. 476, 159 N.E. 133, stated:

"Contribution is not founded on contract, but is the result of general principles of equity, which are based upon equalization of burdens and benefits."

■ In the present case the purpose of the loan guaranty agreement was to enable the corporation to conduct and operate its business at a profit for the benefit of the stockholders. The money from the indebtedness was received and used by the corporation. The indebtedness was incurred for the use and benefit of the corporation, who was the primary obligor. If this indebtedness had resulted in a profit for the corporation, the defendant would have received this benefit in proportion to the extent of his stock ownership in the company. Assuming also, if the corporation could have repaid the indebtedness, the value of the defendant's stock would have been reduced proportionately. We see no reason to apply a different rule for the losses incurred by the co-obligors under their agreement. It is only equitable that the burden of the obligation be borne by the defendant in proportion to the amount of his ownership of stock in the corporation.

Judgment affirmed.

All Justices concur.