Bobbie J. WARREN, Petitioner,

v.

The Honorable Stewart HUNTER, District Judge in and for Oklahoma County, State of Oklahoma, Respondent.

No. 56975.

Supreme Court of Oklahoma.

July 28, 1981.

Robinson & Bower, Inc., P.C., Jerry V. Beavin, Oklahoma City, for petitioner.

Bill J. Nunn, Oklahoma City, for respondent.

OPALA, Justice:

The 1979 amendment of 12 O.S. 1971 § 1277 [1] provides that:

" * * *

Any child shall be entitled to support *by the parents* until the child reaches eighteen (18) years of age. If a dependent child is regularly and continuously attending high school, said child shall be entitled to support *by the parents* through the age of eighteen (18) years." [Emphasis ours].

The question to be answered is whether the § 1277 obligation *vis-à-vis* one's dependent child who is attending high school while past the age of eighteen is imposable in a post-decree proceeding prosecuted between the parents in a divorce case, or gives rise to an unrelated claim that is enforceable only in a suit by the support-seeking child. We hold that the § 1277 responsibility is status-based and constitutes a *common burden* of both parents; the parent who—on a day-to-day basis—is providing or will be providing the child, while in high school past the age of majority, with the necessities of life, or who is or will be supplying for that child more than his share of the common obligation, may seek from the court an order against the other parent for continuing contributions in an amount to be judicially determined; and the interparental claim is litigable in the divorce case as a modification-of-decree proceeding.

Legislative authority to impose on a parent a status-based duty of support beyond the child's age of majority cannot be questioned. There is hence no fundamental infirmity in the § 1277 extension of the district court's power to make provisions for the support of a divorced parent's child beyond the point of that person's adulthood.[2]

The statute clearly casts liability on both parents. It places them under a *common burden*. One who discharges a common debt or pays more than his share of it has a claim for contribution. Co-obligors are required to contribute, either equally or equitably, toward the discharge of a common obligation.[3] In short, § 1277 creates an interparental claim for contribution litigable between the parties as a post-divorce modification proceeding.

The opinion of the Court of Appeals in *Garrett v. Garrett* [4] is not to be followed insofar as it is in conflict with our precedential pronouncement in this case.

Original jurisdiction assumed; writ denied.

IRWIN, C. J., BARNES, V.C.J., and WILLIAMS, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

1. Okla.Sess. Laws 1979, c. 93 § 1; 12 O.S.Supp. 1979 § 1277.

2. *Irby v. Martin*, Okl., 500 P.2d 278, 280 [1972]; *Galloway v. Galloway*, Okl., 600 P.2d 321 [1979].

3. *Brown v. Goldsmith*, Okl., 437 P.2d 247, 248 [1967]; *Wilson v. Crutcher*, 176 Okl. 481, 56 P.2d 416, 417 [1936].

4. Okl.App., 625 P.2d 1286, 1288 [1981].