2000 OK 21

**ACCOSIF, Plaintiff/Appellant,**

v.

**AMERICAN STATES INSURANCE COMPANY, Jim Hagelberg, and Guymon Glass Company, Defendants/Appellees.**

No. 91,395.

Supreme Court of Oklahoma.

March 21, 2000.

the assigned judge prior to the commencement of the trial.

Scott G. Robelen, Oklahoma City, Oklahoma, for the appellant.

Daniel H. Diepenbrock and Grant C. Shellabarger, Miller & Diepenbrock, P.A., Liberal, Kansas, for appellees American States Insurance Company and Guymon Glass Company.

George H. Leach III, Boring & Leach, Guymon, Oklahoma, for appellee Jim Hagelberg.[1]

OPALA, J.

¶ 1 The dispositive issue tendered for corrective relief on certiorari is whether the workers' compensation carrier's statute-based district court claim was *erroneously* dismissed as a time-barred action. We answer in the affirmative.

## I

### ANATOMY OF LITIGATION

¶ 2 This is an action by the workers' compensation carrier, Association of County Commissioners of Oklahoma State Insurance Fund (ACCOSIF), against the claimant, Jim Hagelberg (Hagelberg), the third-party tortfeasor, Guymon Glass (tortfeasor), and the latter's insurer, American States Insurance Company (tortfeasor's insurer, ASIC). Invoking the provisions of 85 O.S.1991 § 44(a),[2] ACCOSIF seeks to recov-

---

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari briefs*.

2. The terms of 85 O.S.1991 § 44 provide in pertinent part:

   (a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute

er a portion of the amount paid to Hagelberg in an earlier compensation claim's settlement. As against Hagelberg ACCOSIF advances the theory of *statutory pro tanto recoupment*;[3] against the tortfeasor's insurer AC-COSIF appears to press a claim under § 44(a) for a wrongful payout made in breach of duty to a *known (or knowable)* statutory assignee of a chose in action,[4] whose theoretical underpinnings are somewhat akin to those advanced in *Shebester v. Triple Crown Insurers*[5] and in a trilogy of attorney's lien

> only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. *Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.*
>
> In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.
>
> \* \* \* \* \* \*
>
> (c) The employer or his insurance carrier shall have the right of *subrogation* to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.
>
> (emphasis supplied).

3. Statutory recoupment is distinct from its common-law namesake. The latter was akin to, and has now been replaced by, the modern counterclaim. BLACK's LAW DICTIONARY 1146 (Special Deluxe 5th ed.1979).

4. ACCOSIF's analysis seems to rest upon the after-payment-of-benefits status of a compensation carrier as *a statutory assignee* of the injured employee's claim against a third-party actor. Section 44(a) unequivocally *assigns to the workers' compensation carrier the paid employee's chose in action.* For the meaning of "chose in action" as a term of common law in contemporary use see BLACK'S LAW DICTIONARY (7th ed.1999) 234. This *assignment,* when known or when it should have been known, places the tortfeasor (and its insurer) on notice that the carrier may have a reimbursement claim. In short, the compensation carrier appears to stand here as an *ex lege* assignee of an employee's chose in action (also called thing in action), which is defined by the terms of 60 O.S.1991 § 312. *See also Moore v. Stanton,* 1919 OK 379, 77 Okla. 41, 186 P. 466. Although the provisions of 60 O.S.1991 § 313 would ordinarily make unenforceable the assignment of a thing in action in tort, an exception is recognized where, as here, the claim's transfer is effected by operation of law. *See ONG v. Mid–Continent Casualty Co.,* 268 F.2d 508 (10th Cir.1959).

When known (or when he should have been known) to a tortfeasor's insurer, an assignee of a tort claim whose interest appears on the face of § 44(a) has standing to enforce the former's duty to pay the person rightfully entitled to the proceeds. By the terms of § 44(a), the right of the compensation carrier, *qua* assignee, to invoke its statute-based *pro tanto* assignment for recovery from the tortfeasor *is co-extensive* with that which also runs against the employee after the latter is paid the settlement proceeds. More simply put, because the compensation carrier has a legally recognized chose in action in the employee's claim against the tortfeasor, the carrier may bring an action directly against the tortfeasor to recover its statutorily assigned share of the settlement. One who pays the obligee *knowing* that the latter's chose in action has been assigned to another, in whole or in part, is liable to the assignee for the amount of overpayment. *American Bank of Commerce v. City of McAlester,* 1976 OK 126, 555 P.2d 581, 586; *American Inv. Co. v. Baker,* 1924 OK 998, 104 Okla. 95, 230 P. 724, 725.

5. 974 F.2d 135, 139 (10th Cir.1992) (certified question answered at 1992 OK 20, ¶¶ 21–22, 826 P.2d 603, 611)(insurer's liability for wrongful

cases.[6] As for the tortfeasor, we are at a loss to divine from the record what theory of liability is being pressed against that party. We leave that issue unresolved. It is to be dealt with at nisi prius after remand.

## Antecedent Litigation

¶3 Hagelberg, a state employee, sustained on 3 March 1992 an on-the-job-injury in a vehicular accident with an employee of the tortfeasor. He sought workers' compensation benefits. Two days before the two-year statute would have expired, Hagelberg (claimant) sued the actor in a common-law tort action.[7] ACCOSIF, the employer's carri-er, had paid Hagelberg $26,534.59 in workers' compensation benefits.[8]

¶4 Nearly two years following ACCO-SIF's discharge of its compensation liability, the claimant's tort action came to be terminated by settlement. By its terms the tortfeasor's insurer paid Hagelberg the sum of $42,500.00. This action by ACCOSIF was brought on 6 October 1997, just over one year after ACCOSIF alleges to have learned of this settlement.[9]

## History of Present Litigation

¶5 Declaring it time-barred as a subrogation claim,[10] the trial court dismissed AC-COSIF's action on defendants' motion.[11] The

---

payout may apply because of an insurer's implied-in-law obligation to pay the rightful claimant, which includes persons other than the insured; interpleader is an appropriate remedy when an insurer is uncertain about the rightful claimant). The tortfeasor's insurer, *if on notice* of Hagelberg's earlier workers' compensation award for the same harm, may be liable to AC-COSIF for its payout to Hagelberg without protecting ACCOSIF's § 44(a) interest in a portion of the payment. *Shebester*, 826 P.2d at 611 n. 31. *For statutory definitions of notice, see the provisions of* 25 O.S.1991 §§ 10–14.

**6.** As a general rule of Oklahoma's common law, one is bound by knowledge if "one knew or should have known" of another's claim. *See Lockhart v. Loosen*, 1997 OK 103, ¶ 13, 943 P.2d 1074, 1080. An insurer who knows or reasonably should know that another has a claim to the proceeds of an insurance policy may hence be liable to the third party for wrongful payout.

Similarly, an employer (or insurer) who makes the remittance of compensation benefits to a claimant, knowing that a part of the expended sum is burdened by a legal interest of another, is liable to the latter for the excess paid. The employer hence pays at its own peril. *See Crane Mfg. Co. v. Brown*, 1964 OK 155, 393 P.2d 820 (an employer with notice of claimant's employment of an attorney cannot defeat the attorney's inchoate lien for the fee amount by settling directly with claimant.); *O.C. Whitaker, Inc. v. Dillingham*, 1944 OK 282, 194 Okla. 421, 152 P.2d 371 (when a compensation award directs that a portion of its amount be paid to claimant's attorney, and the insurer fails to make that payment for any reason, the insurer is not relieved of liability.); *Helmerich & Payne, Inc., v. State Indus. Comm'n*, 1940 OK 198, 187 Okla. 335, 102 P.2d 586 (a claimant's attorney employed on a contingent fee basis has an inchoate lien on the compensation awarded claimant until the amount of the fee has been finally set and approved by the Industrial Commission—now Workers' Compensation Court; an employer who

paid proceeds of an award to claimant *before* an attorney's fee was finally set and approved is not relieved of liability for that fee.).

For further discussion of legal protection afforded attorney's and medical liens, *see State ex rel. Dept. of Human Serv. v. Allstate Ins. Co.*, 1987 OK 91, 744 P.2d 186, 188. *See also* 5 O.S.1991 § 6 (attorney's lien); 42 O.S.1991 § 43 (hospital lien); 42 O.S.1991 § 46 (physician's lien); *Fugate v. Mooney*, 1998 OK CIV APP 48, 958 P.2d 818.

**7.** Hagelberg brought his tort claim in Texas County District Court on 1 March 1994, *two days before* the two-year statute for negligent tort claims, prescribed by the terms of 12 O.S.1991 § 95(3), would have expired. For the text of 12 O.S.1991 § 95(3), *see infra* note 20.

**8.** The payment was made in April 1994.

**9.** The settlement agreement was effected on 1 March 1996. *ACCOSIF claims to have first learned of the settlement in September 1996;* it brought this action more than one year later.

**10.** Subrogation, and its mistaken application to this action, is discussed *infra*. *See infra* notes 13-19—and accompanying text.

**11.** The district court dismissed the action on motion by all three defendants. The dismissal order states:

The Court having examined the file in this case and hearing arguments of counsel in open court, having fully considered the argument of counsel and being fully advised in the premises, FINDS as follows:

That Plaintiff's First Amended Petition filed herein on November 14, 1997, based on the allegations set forth therein and pursuant to 85 O.S. § 44 and 12 O.S. § 95, *is time barred* and fails to state a claim upon which relief can be granted against all defendants.

Court of Civil Appeals (COCA) reversed the nisi prius dismissal and remanded the cause, holding that the statute of limitations to be applied to this action began to run when the injured party, whose claim was paid by the tortfeasor, refused to "reimburse" the workers' compensation insurer.

¶ 6 Although we agree with COCA's conclusion that the trial court's dismissal order cannot stand, we granted certiorari to provide precedential guidance on a novel point of law. For want of adequate record support, today's pronouncement does not finally settle the following issues: (1) whether a § 44(a) claim would lie *in this case* against the tortfeasor as well as against its insurer; and if so, on what theory it may be pressed against the former party; and (2) the nature of liability, if any, the tortfeasor is to bear, *directly* and *severally,* to the plaintiff (workers' compensation carrier).[12]

## II

**BY THIS ACTION, AUTHORIZED BY THE PROVISIONS OF 85 O.S.1991 § 44(A), PLAINTIFF SEEKS STATUTE–BASED PRO TANTO RECOUPMENT OF ITS WORKERS' COMPENSATION PAYOUT, NOT SUBROGATION PRESCRIBED BY THE TERMS OF 85 O.S.1991 § 44(C)**

¶ 7 The action brought by ACCOSIF was mistakenly characterized (both by the defendants and by the district court) as its subrogation claim.[13] The terms of 85 O.S. 1991 § 44 fashion a key distinction between subrogation and the demand advanced in the present action.[14] Had ACCOSIF pressed its claim against the tortfeasor *before Hagelberg brought his suit,* or had ACCOSIF *joined* Hagelberg in the latter's tort claim, the action would have come under the law's subrogation rubric.[15] The present claim against Hagelberg falls instead into the *pro tanto* recoupment category prescribed by the provisions of 85 O.S.1991 § 44(a);[16] on the other hand, ACCOSIF's claim against the tortfeasor's insurer is to be viewed as one for wrongful payout.[17] The record leaves us uninformed as to the theory pressed against the tortfeasor. The critical payout was made by the tortfeasor's insurer, not by the tortfeasor itself. Absent some record showing of the tortfeasor's involvement in the wrongful payout, we are at a loss to know what theory is pressed against the latter entity. There is no paper trail in this case of the tortfeasor's participation in any payout alleged to be wrongful.

¶ 8 Neither ACCOSIF's non-joinder in Hagelberg's tort litigation nor Hagelberg's subsequent settlement operates as a bar to ACCOSIF's pursuit of its present claim for the legislatively sanctioned portion of Hagelberg's settlement. ACCOSIF's stat-

Defendants' Motions to Dismiss are granted. (emphasis supplied).

12. *Wrongful payout* appears to be *the gravamen of liability* sought to be ascribed to the tortfeasor's insurer. A *payout* may be shown to be wrongful by facts and circumstances that shed light on the *payor's knowledge of another person's claim* to the whole *or* to a share of the remittance in contest. *None* of these critical characteristics is disclosed by the record. *See the text of note 4, supra; see also Shebester v. Triple Crown Insurers, supra* note 5, the trilogy of attorney's lien cases, *supra* note 6, and accompanying textual and footnoted discussion.

13. See 85 O.S.1991 § 44(c), *supra* note 2. Subrogation does not govern this case, even though the tortfeasor (and its insurer) is correct in asserting that an insurer-subrogee must file its claim within the same period as that which governs an injured party. The cases (relied on by the tortfeasor and its insurer) that discuss the doctrine of subrogation are: *Employers Mut. Cas. Co. v.*

*Mosby,* 1997 OK 93, ¶¶ 7–9, 943 P.2d 593, 594–95; *Hardware Mut. Cas. Ins. Co. v. Skelly Oil Co.,* 1965 OK 47, ¶ 7, 400 P.2d 164, 166–67; *State Ins. Fund v. Taron,* 1958 OK 282, ¶ 12, 333 P.2d 508, 512.

14. *See* the terms of 85 O.S.1991 § 44 *supra* note 2. Subrogation actions are governed by § 44(c), while those for recoupment, such as the instant case, are controlled by § 44(a).

15. The terms of 85 O.S.1991 § 44(c), *supra* note 2, provide the statutory underpinnings for a workers' compensation carrier's subrogation claim.

16. *See* 85 O.S.1991 § 44, *supra* note 2.

17. *See* the text of note 4, supra; *see also Shebester v. Triple Crown Insurers,* supra note 5, the trilogy of attorney's lien cases, *supra* note 6, and accompanying textual and footnoted discussion.

ute-based *pro tanto* recoupment demand clearly is authorized by the terms of 85 O.S. 1991 § 44(a).[18]

¶ 9 Because the action cannot be characterized as one for subrogation, the two-year statute of limitations that would have begun to run from the date of the harmful event does not bar ACCOSIF's claim now before us.[19]

## III

## THE THREE–YEAR STATUTE OF LIMITATIONS PRESCRIBED IN 12 O.S. 1991 § 95(2) APPLIES TO THE CLAIM AGAINST THE CLAIMANT

**18.** Before the 1975 amendment to § 44(a) (with an effective date in 1976), which introduced the proportional formula for a compensation carrier's recovery, a carrier who had paid an award to a claimant who later recovered from the tortfeasor was entitled to a full recoupment of the expended compensation or to an *in toto* recovery. *See Prettyman v. Halliburton Co.*, 1992 OK 63, ¶ 12, 841 P.2d 573, 578 (under the pre–1975 version of § 44, there is no question but that a workers' compensation carrier would have been able to recoup 100% of the compensation benefits it paid from the claimant's recovery against the third-party tortfeasor); *Travelers Ins. Co. v. Leedy* 1969 OK 34, ¶ 11, 450 P.2d 898, 901; *Parkhill Truck Co. v. Wilson* 1942 OK 68, 125 P.2d 203, 207 (the employer and insurance carrier are entitled to have all of § 44's protective provisions complied with so that they can require recoupment in the event of claimant's recovery from the negligent third party).

According to the terms of § 44(a), *supra* note 2, absent a "compromise settlement" the workers' compensation insurer is entitled to reimbursement of a proportion of the amount paid by the tortfeasor's insurer to the total amount recovered minus a proportion of the expenses incurred in the recovery. The court in *Prettyman, supra* at ¶ 16, 579 defined a compromise settlement as one where the claimant receives less from the third-party tortfeasor than the amount of the workers' compensation award. Hence, if a workers' compensation carrier pays a claimant $1000 and the claimant then recovers $5000 from a tortfeasor with expenses of $1000 paid for court costs and attorney's fees, the balance ($4000) is divided proportionately. The workers' compensation carrier receives the equivalent of the ratio of $1000 to $5000, or 20% of the balance, which amounts to $800. The claimant keeps the remaining $3200. We held in *Landrum v. National Union*, 1996 OK 18, ¶ 20, 912 P.2d 324, that under this formula the carrier is also entitled to recover a proportionate share of prejudgment interest.

## AND TO THAT AGAINST THE TORTFEASOR'S INSURER

¶ 10 The terms of 12 O.S.1991 § 95(2) govern "an action upon a liability created by statute other than a forfeiture or penalty."[20] According to the plain language of 85 O.S. 1991 § 44(a), an injured employee—who recovers from a third-party tortfeasor—is liable to the employer (or to the latter's insurer) who paid the compensation benefits. Hagelberg's liability to ACCOSIF is hence *statute-based.*[21] The limitation to be applied is the three-year period prescribed by the terms of 12 O.S.1991 § 95(2) for one's pursuit of liability created by statute.[22]

**19.** For a discussion of the two-year statute of limitations that governs subrogation claims, *see supra* note 13.

**20.** The pertinent terms of 12 O.S.1991 § 95 provide:

> Civil actions other than for the recovery of real property can only be brought within the following periods, *after the cause of action shall have accrued*, and not afterwards:
>
> * * *
>
> 2. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment;
>
> 3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;
>
> * * *

(emphasis supplied).

**21.** The dissent relies on a decision by the U.S. District Court for the Northern District of Texas in *Rockwood Insurance Co. v. Williamson*, 596 F.Supp. 1524 (N.D.Texas 1984). That case is entirely inapposite to the controversy before us. In *Williamson*, the court elected to apply Texas law to what it classified as a contract-based claim. Despite some factual similarities between that case and this one, the latter is a statute-based claim that falls clearly within the ambit of 85 O.S.1991 § 44(a). Although in *Williamson* the court made mention of Oklahoma law, the case was analyzed under the law of Texas. Its opinion text provides no enlightenment on, or analogy to, the time-bar issue before us here.

**22.** *See* 12 O.S.1991 § 95 *supra* note 20.

¶ 11 The liability of the tortfeasor's insurer to ACCOSIF also is governed by the same three-year time bar. This is so because the latter obligation is likewise rested on the terms of § 44(a).

## A.

### The Limitation to be Applied to ACCOSIF's Pro Tanto Recoupment Action Against Hagelberg

■■■ ¶ 12 ACCOSIF's claim against Hagelberg accrued when claimant became entitled to the proceeds (or part of the proceeds) of his settlement with the tortfeasor.[23] The moment that recovery became Hagelberg's due marks the time at which ACCOSIF's right to reclaim its statutorily prescribed compensation payout arose by the terms of § 44(a).[24]

## B.

### The Limitation that Governs ACCOSIF's Wrongful Payout Claim Against The Tortfeasor's Insurer

■■■ ¶ 13 ACCOSIF's right to payment from the tortfeasor's insurer is prescribed by § 44 and reinforced by the theoretical underpinnings of *Shebester* and the trilogy of cases discussed *supra*.[25] It is bolstered by the notice provisions to be found in 25 O.S.1991 §§ 10–14. The limitation bar was triggered when the tortfeasor's insurer, knowing of ACCOSIF's statutory recoupment claim,[26] *paid* Hagelberg the sum due the latter ac-

cording to the terms of their settlement. ACCOSIF's remedy would stand extinguished three years later. See 12 O.S.1991 § 95(2).

## C.

### The Limitation Period that Governs ACCOSIF's Claim Against The Tortfeasor

¶ 14 From the sparse record we are unable to divine on what theory recovery is sought from the tortfeasor (as distinguished from its insurer) *qua* co-obligor upon the liability in suit.[27] We hence express no opinion concerning the nature of that claim but confine ourselves here to the *single pronouncement*: If ACCOSIF's action against the tortfeasor also lies, it, too, would be governed by the three-year statute that is triggered by a payout made to the employee by one with notice of the compensation carrier's statutory claim to the proceeds.

## IV

### ACCOSIF'S CLAIM DOES NOT APPEAR TO HAVE BEEN TIME–BARRED

¶ 15 It is clear that none of the three defendants can be shielded from liability to ACCOSIF by the pleaded time bar which formed the nisi prius dismissal basis. The terms of § 44(a) provide that a workers' compensation carrier may recover its *pro tanto* share from a settlement between the tortfea-

---

**23.** *See in this connection Travelers Ins. Co. v. L.V. French Truck Serv., Inc.*, 1988 OK 76, ¶ 7, 770 P.2d 551, 555 (a cause of action to enforce indemnity from liability accrues when the event for which indemnity is due occurs, while a claim for indemnity from loss does not arise until the indemnitee has paid the loss).

**24.** *See MBA Commercial Const. v. Roy J. Hannaford*, 1991 OK 87, ¶ 13, 818 P.2d 469, 473 (a cause of action accrues when a litigant first could have maintained his action to a successful conclusion). *See also Sherwood Forest No. 2 Corp. v. City of Norman*, 1980 OK 191, ¶ 10, 632

P.2d 368, 370; *Oklahoma Brick Corporation v. McCall*, 1972 OK 70, ¶ 10, 497 P.2d 215, 217.

**25.** See, *supra* notes 4, 5 & 6.

**26.** If the settlement is *structured*, the limitation period would begin with the first payment to Hagelberg; if it is a *lump-sum* settlement, the period would commence on the date its payment is due.

**27.** For a discussion of duties surrounding persons owing common obligations, *see e.g., Warren v. Hunter* 1981 OK 98, 632 OK 418; *Wilson v. Crutcher*, 1936 OK 338, 176 Okla. 481, 56 P.2d 416, 417.

sor and the claimant.[28] This is the essence of the statutory obligation in suit. The tortfeasor's insurer cannot escape its responsibility to the plaintiff *if* its settlement remittance to the claimant was in fact a wrongful payout, i.e., one that was made *with notice* of ACCOSIF's § 44(a) claim.

## V

### SUMMARY OF TODAY'S PRONOUNCEMENT

¶ 16   Because ACCOSIF's claim was incorrectly perceived as a time-barred subrogation demand, the nisi prius dismissal must be reversed insofar as it affects all three defendants, and the cause be remanded for further proceedings.

¶ 17   A petition must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the pleader can prove no set of facts which would entitle him to relief.[29] This is the so-called *Conley*[30] test.

¶ 18   An appellate tribunal does not make first-instance rulings.[31] It is the trial court's duty to determine on remand whether ACCOSIF's claim against each of the three defendants *otherwise* meets the *Conley*[32] test.[33]

**28.**   Under the terms of § 44(a), *supra* note 2, the workers' compensation carrier's right of *pro tanto* recoupment from Hagelberg and its right of *pro rata* payout from the tortfeasor (and its insurer), as a *known* assignee of a chose in action, attached the very moment the settlement agreement between Hagelberg and the tortfeasor's insurer was effected and the payment made. Until that time, both of these demands lay inchoate.

**29.**   *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 1417 n. 15, 94 L.Ed.2d 563 (1987); *Brock v. Thompson,* 1997 OK 27, ¶ 1, 948 P.2d 279, 282; *A–Plus Janitorial & Carpet Cleaning v. Employers' Workers' Comp. Ass'n,* 1997 OK 37, ¶ 9, 936 P.2d 916, 922; *Frazier v. Bryan Mem'l Hosp. Auth.,* 1989 OK 73, ¶ 13, 775 P.2d 281, 287.

**30.**   *See Conley, supra* note 29.

**31.**   We do not initially decide issues that were left unresolved by the first-instance court. When the record is devoid of showing that the nisi prius

¶ 19   On certiorari previously granted upon separate petitions brought by the claimant, by the third-party tortfeasor, and by the latter party's insurer, the Court of Civil Appeals' opinion is vacated; the trial court's dismissal order is reversed and the cause is remanded for further proceedings to be consistent with this pronouncement.

¶ 20   HARGRAVE, V.C.J., HODGES, LAVENDER, OPALA, and WINCHESTER, JJ., concur.

¶ 21   SUMMERS, C.J. and BOUDREAU, J., concur in result.

¶ 22   KAUGER and WATT, JJ., concur in part and dissent in part.

¶ 1   KAUGER, J., concurring in part, dissenting in part:

¶ 2   I concur that the insurer's claim was erroneously dismissed as time barred. I dissent to the majority's holding that the insurer's claim for reimbursement from the employee accrued when the employee became entitled to the proceeds of the settlement with the tortfeasor. Rather, I am persuaded by the rationale of *Rockwood Insurance Co. v. Williamson,* 596 F.Supp. 1524 (N.D.Texas 1984). *Williamson* involved an injured

court did inquire into critical issues, the case must be remanded with directions that the trial court make the necessary examination. *See Salazar v. City of Okla. City,* 1999 OK 20, ¶ 15, 976 P.2d 1056, 1062; *Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, ¶ 7, 890 P.2d 906, 913; *Dyke v. St. Francis Hosp., Inc.,* 1993 OK 114, ¶ 11, 861 P.2d 295, 300 n. 13; *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d 994, 999 n. 19; *American Ins. Ass'n v. Indus. Com'n,* 1987 OK 107, ¶¶ 7–8, 745 P.2d 737, 740 n. 15; *Sandpiper North Apts. v. American Nat. Bank,* 1984 OK 13, ¶¶ 28–29, 680 P.2d 983, 993; *Matter of Estate of Bartlett,* 1984 OK 9, ¶ 13, 680 P.2d 369, 377; *Davis v. Gwaltney,* 1955 OK 362, 291 P.2d 820, 824.

**32.**   *See Conley, supra* note 29.

**33.**   The trial court must on remand revisit the issues raised in a manner consistent with the pronouncement of an appellate tribunal. *See, e.g., Seymour v. Swart,* 1985 OK 9, ¶ 8, 695 P.2d 509, 513 (when judgment is reversed and cause remanded for new trial, the case stands at nisi prius as if no disposition had ever been made except for questions of law settled by the appellate pronouncement).

worker who, after receiving benefits from an Oklahoma workers' compensation carrier, obtained a judgment against the tortfeasor. The compensation carrier sued the injured worker to recoup the amount of benefits it had paid the worker. The *Williamson* court determined that the cause was governed by Texas law rather than Oklahoma law, and it held that no cause of action arose against the injured worker until: 1) the worker received a judgment; and 2) the worker refused to reimburse the workers' compensation carrier for benefits previously paid.

¶3    Regardless of the *Williamson* court's application of Texas law rather than Oklahoma law or characterization of the claim as contract-based, the court's rationale is persuasive here. Whether a worker's liability to the workers' compensation benefits carrier is created through a contractual obligation or under 85 O.S.1991 § 44(a), it is the worker's refusal to reimburse the insurer after the worker received the proceeds of the settlement which triggered the running of the statute of limitations.