2000 OK CIV APP 76

**NESTLE FOOD COMPANY and Constitution State Service Company, Plaintiffs/Appellants,**

v.

**AMERICAN STATES INSURANCE COMPANY, Defendant,**

and

**Patricia L. Crews, Defendant/Third–Party Plaintiff/Appellee,**

v.

**James Reid, Third–Party Defendant.**

**No. 93,900.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 1, 2000.

**194**

Mark T. Koss, McNulty, Koss & Associates, Oklahoma City, Oklahoma, For Plaintiffs/Appellants.

Michael W. Phillips, Boettcher, Ryan & Martin, Oklahoma City, Oklahoma, For Defendant/Third–Party Plaintiff/Appellee.

## OPINION

ADAMS, Judge:

¶1 According to the uncontroverted facts shown in this record, on August 25, 1993, Patricia Crews sustained injuries in a motor vehicle accident allegedly caused by the negligence of a driver who was covered by a motor vehicle liability insurance policy issued by American State Insurance Company (Insurer). The accident occurred while Crews was in the course and scope of her employment. Crews received workers' compensation benefits from her employer, Nestle Food Company, which were administered by Constitution State Service Company.

¶2 On August 24, 1995, Crews filed an action for negligence against Insurer's insured, and ultimately settled with Insurer no earlier than April 2, 1998. Although Insurer was on notice of a subrogation interest asserted by Nestle and Constitution (collectively, Employer), the settlement proceeds were payable only to Crews, her husband, and her attorney, James Reid. On February 5, 1999, Employer filed this action against Insurer and Crews seeking its portion of the settlement proceeds under 85 O.S.1991 44. Crews filed a third-party petition against Reid.

¶3 The trial court dismissed Employer's action against Insurer, concluding the statute of limitations had expired. Employer appealed, but the trial court's decision was affirmed by another division of this Court in an unpublished opinion.[1] That decision is now pending before the Oklahoma Supreme Court on Employer's Petition for Certiorari. Crews also filed a Motion for Summary Judgment in which she argued that Employer's action was governed by the same two-year statute of limitation applicable to her action against the tortfeasor and that Employer's action was therefore barred.

¶4 In response, Employer contended its action was based on a liability created by statute, namely 85 O.S.1991 44. According to Employer, its statutory cause of action accrued when Crews settled the case and the three-year statute of limitation contained in 12 O.S.Supp.1994 95(2), which sets a three-year limitation period for "an action upon a liability created by statute other than a forfeiture or penalty," began to run on that date. Under Employer's theory, its suit was filed less than one year after its cause of action accrued and was not time-barred. The trial court applied the two-year statute of limitation and determined it ran from the date Crews was injured. Accordingly, the trial court sustained Crews' motion and dismissed Employer's action against her.[2]

¶5 This case presents a question of law, i.e., is Employer's action against Crews controlled by the two-year statute of limitation applicable to her action against the tortfeasor or is it governed by the three-year statute of limitation as an action on a liability created by statute. The Oklahoma Supreme Court directly confronted this issue under similar circumstances in a case decided after the trial court's decision in this case. In *ACCOSIF v. American States Insurance Company*, 2000 OK 21, 1 P.3d 987, the Court held an employer's claim to reimbursement from an employee for workers' compensation benefits out of the proceeds of a settlement with the tortfeasor who allegedly caused job-related injuries was a liability created by

---

1. Apparently, in dismissing the action against Insurer, the trial court made the findings required by 12 O.S.Supp.1994 994(A) so that its order would be final and appealable.

2. Ten days later, Crews dismissed her third-party action against Reid with prejudice and filed this Petition in Error.

statute. The Court held the three-year statute of limitation began to run when the employee first became entitled to the settlement. *ACCOSIF* specifically rejected the reasoning that the employer's claim was a subrogation claim and subject to the same limitation as the injured employee's claim against the tortfeasor.

¶ 6 Applying *ACCOSIF* to the undisputed facts in this case, we must conclude the statute of limitations has not expired on Employer's claim against Crews. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶ 7 REVERSED AND REMANDED

¶ 8 HANSEN, V.C.J., and JOPLIN, J., concur.