2013 OK CIV APP 22

**FRANK'S TONG SERVICE and Argonaut Insurance Co., Petitioners,**

v.

**Juan LARA and the Workers' Compensation Court, Respondents.**

**No. 110,075.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 19, 2012.

Rehearing Denied Nov. 21, 2012.

Certiorari Denied March 4, 2013.

Bradley Hollar, Hollar Law Firm, Oklahoma City, Oklahoma, for Petitioners.

John C. Forbes, Forbes & Forbes, P.C., Oklahoma City, Oklahoma, for Respondents.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Petitioners Frank's Tong Service and Argonaut Insurance Co. (collectively, Employer) seek review of an order of a three-judge panel determining the right to proceeds of a third-party action in which Claimant Juan Lara recovered damages from the third-party tortfeasor. In this proceeding, Employer complains the lower court erred in denying reimbursement of workers' compensation benefits it paid to Claimant from the recovery in Claimant's third party action.

¶ 2 Claimant worked for Frank's. Frank's and Grey Wolf Drilling Co. were subcontractors for Burlington Resources Oil & Gas Co. On or about July 4, 2006, Claimant suffered serious on-the-job injuries caused by Grey Wolf. Frank's paid more than $192,000.00 in medical treatment and benefits for temporary total disability.

¶ 3 On August 3, 2006, Claimant commenced an action in district court against Grey Wolf and Burlington to recover damages for causing his injury. At a trial in November 2007, a jury returned a verdict for Claimant and awarded him damages of $3.6 million. Claimant and Grey Wolf agreed that Claimant should set aside $85,000.00 of his recovery pending resolution of the anticipated subrogation claim by Employer, and

that if the subrogation claim failed, the holdback would be paid to Grey Wolf.

¶ 4 Upon receipt of the proceeds of his judgment in January 2008, Employer stopped paying worker's compensation benefits to Claimant. Claimant subsequently sought an award for permanent partial disability, and Employer asserted its right to reimbursement against Claimant's third-party recovery.

¶ 5 At trial, however, Grey Wolf argued that Frank's and it insurer, Argonaut, had waived their right to recoup its payments of workers' compensation to Claimant from Claimant's third-party recovery. In support, Grey Wolf introduced portions of Frank's contract with Burlington, which provided:

D. Waiver of Subrogation

For each policy in which [Frank's] is an assured, whether described herein or not, [Frank's] agrees to waive and agrees to have its insurers waive any rights of subrogation they may have against Burlington Resources or its affiliates, their officers, directors, employees or agents from any of them.

The contracts defined Burlington to mean "Burlington Resources Oil and Gas Co., and all of its parents, affiliates, subsidiaries and officers, directors, conventurer companies and all of its officers, directors, employees, agents and direct subcontractors." Grey Wolf also introduced evidence demonstrating that, on the payment of an additional $8,939.00 premium, Frank's insurer, Argonaut, agreed to waive its "right to recover from others":

We have the right to recover our payments from anyone liable for any injury covered by this policy. We will not enforce our right against the person named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

¶ 6 On consideration of the evidence and argument, the Workers' Compensation Court determined Employer was entitled to the

sum of $85,000.00, the amount of the third-party recovery set aside and held by Claimant's attorney pending resolution of the subrogation claim. On intra-court review, however, a three-judge panel modified the trial court's order and directed payment of the withheld $85,000.00 to Grey Wolf.[1]

¶7 The order appealed from thus frames two core issues. The first centers on the reach of Frank's agreement "to waive and . . . to have its insurers waive any rights of subrogation they may have against Burlington" and its "direct subcontractors" together with Argonaut's waiver of its "right to recover our payments from anyone liable for any injury covered by this policy" and whether the waiver sufficient to justify denial of their request for reimbursement from Claimant's third-party recovery under § 44(a). Dependent on our answer to the first, the second concerns the propriety of payment of the $85,000.00 withheld from Claimant's recovery to the third party tortfeasor, Grey Wolf.

■ ¶8 In its first proposition, Employer asserts the Workers' Compensation Court did not possess the power to construe the contractual rights between it and Grey Wolf in determining the right to the proceeds of Claimant's settlement. Claimant responds, arguing that, as a general proposition, the Workers' Compensation Court possesses the authority to interpret or construe insurance policies when necessary to determine an insured-employer's liability to an injured employee, and that because the determination of the right to a share of the settlement proceeds affected the rights of Claimant and his Employer, the Workers' Compensation Court possessed the power to determine the effect of the waiver of subrogation clause.

■ ¶9 It is unquestioned the Workers' Compensation Court "is a statutory tribunal of limited jurisdiction which has only such cognizance as is conferred upon it by law." *Red Rock Mental Health v. Roberts*, 1996 OK 117, 1997 OK 133, ¶16, 940 P.2d 486, 491.

Ordinarily, "[i]ts jurisdiction is confined to determining liability of the employer (and its insurance carrier) towards the claimant." *Id.*

¶10 However, it cannot be disputed that § 44 of title 85, O.S. Supp.2005, affects Employer's right to reimbursement. Now see, 85 O.S.2011 § 348. Section 44 provided in its entirety:

A. If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. *If he elects to take compensation under the Workers' Compensation Act, the cause of action against such another shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute on the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case.* The compromise of any such cause of action by the worker at any amount less than the compensation provided by the Workers' Compensation Act shall be made only with the written approval of the Court. *Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its*

---

1. Employer appealed. In Case No. 109,140, the Court of Civil Appeals held the order of the three-judge panel should be vacated, and remanded the cause so that all interested parties receive notice of the hearing on subrogation and be given an opportunity to appear and be heard.

On remand after notice to all parties, the Workers' Compensation Court issued its order, essentially reiterating the holding of its previous order, i.e., that Grey Wolf was entitled to disbursement of the $85,000.00 from Claimant's third-party recovery.

*share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee.* After the expenses and attorney fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

(b) Notwithstanding subsection (d) of this section, the employer or his insurance carrier *shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons,* with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act.

(c) The employer or his insurance carrier *shall have the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons,* with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.

(d) An employer shall have a cause of action against a third party whose wrongful or negligent conduct causes the death of an employee entitled to compensation under this title to recover any money paid for death benefits on behalf of the employee. Nothing contained in this section shall allow an employer or insurance carrier for an employer to seek an interest in either the death benefits received by the employee or the employee's beneficiary or in a life insurance policy procured by the employee.

85 O.S. Supp.2006 § 44. (Emphasis added.)

¶ 11 The plain language of § 44(a) directed that, if a claimant pursues his remedy against a third-person in district court, and, by "compromise settlement," recovers from the third-party a sum less than that to which the claimant would be entitled in statutory workers' compensation benefits, then the employer is liable only for the "deficiency" between the amount recovered and the amount payable under the Worker's Compensation Act. *See, Prettyman v. Halliburton Co.,* 1992 OK 63, ¶ 16, 841 P.2d 573, 579.[2] In such a case, the Worker's Compensation Court possesses "longstanding jurisdiction over the question of deficiency or credit as affecting workers' compensation awards," including the "jurisdiction to determine if a deficiency existed and how that deficiency should affect the award." *Keeney v. TTC Illinois, Inc.,* 2002 OK CIV APP 48, ¶¶ 25, 28, 46 P.3d 192, 196.

¶ 12 So, too, § 44(a) must apply when recovery is obtained without compromise, i.e., in a sum exceeding workers compensation benefits. In such a case, the Workers' Compensation Court is clearly authorized to determine whether employer is in fact entitled to reimbursement, and what proportion of the claimant's third-party recovery employer

---

**2.** Under § 44(a), a "'compromise settlement' ... mean[s] a compromise reached by the injured worker against a third party for less than the amount of the workers' compensation award."

is entitled. It is in this way the Workers' Compensation Court stands as the watchdog over employer's right to reimbursement under § 44(a) and the gatekeeper against double recovery.

¶ 13 In the present case, Frank's and/or its insurer, Argonaut, have paid over $192,000.00 in Claimant's medical expenses and temporary total disability on account of his on-the-job injuries. But Claimant has recovered some $3.6 million in compensatory damages from the third-party, Grey Wolf, the party adjudicated to have been the major cause of Claimant's on-the-job injuries.

¶ 14 Under these circumstances, and applying the plain language of § 44(a), Frank's and Argonaut, having paid workers' compensation benefits to and for Claimant, would ordinarily be entitled to reimbursement from Claimant's third-party recovery. Stated otherwise, by virtue of his third-party recovery and 85 O.S. § 44(a), Claimant is bound to repay his providers for the workers' compensation benefits they paid him, unless by some act or omission, Frank's and Argonaut have given up their right to recover.

¶ 15 Employer asserts in its second proposition, under § 44(a), it is statutorily entitled to reimbursement from Claimant's third-party recovery to the extent of its payment of workers' compensation benefits to or for Claimant. So, says Employer, denial of its statutory right to reimbursement in this case both frustrates the underlying purpose of § 44(a) to protect the employer's right to reimbursement to the extent of employer's payment of workers' compensation benefits, and rewards Grey Wolf, adjudicated to be the cause of his injuries. Claimant responds to the second proposition, denies any double recovery, and argues that Frank's and Argonaut clearly waived their right of subrogation to recover from third-party tortfeasor, Grey Wolf, and by extension, from the recovery from Grey Wolf held by Claimant.

¶ 16 This argument, however, wholly ignores the plain language of § 44. Subrogation is a derivative concept, and "allows an insurer who has paid coverage to stand in the shoes of the insured and pursue recovery from a third party primarily responsible for the insured's loss which the insurer both insured and reimbursed," thus "plac[ing] the entire burden on the party ultimately responsible for the loss and who should pay it." *U.S. Fidelity and Guar. Co. v. Federated Rural Elec. Ins. Corp.*, 2001 OK 81, ¶¶ 9–10, 37 P.3d 828, 831–832. Section 44(c) expressly grants to an employer "the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons."

¶ 17 Section 44(a) is different. As the Oklahoma Supreme Court recognized in *ACCOSIF v. American States Ins. Co.*, 2000 OK 21, 1 P.3d 987, § 44(a) grants to an employer the right of *"statutory pro tanto recoupment."* 2000 OK 21, ¶ 2, 1 P.3d at 990. Under § 44(a), if the employer "presse[s] its claim against the tortfeasor before [claimant] brought his suit, or [if] [the insurer] join[s] [with the claimant] in the latter's tort claim, the action come[s] under the law's subrogation rubric." *ACCOSIF*, 2000 OK 21, ¶ 13, 1 P.3d at 992. However, the right of statutory recoupment under § 44(a) does not require an action directly against the tortfeasor, but rather, permits employer to seek, and obligates the claimant to pay, "reimbursement" "for workers' compensation benefits previously paid from the claimant's third-party recovery" in claimant's hands.

¶ 18 "The [claim] brought by [Frank's and Argonaut] was mistakenly characterized (both by the defendants and by the district court) as its subrogation claim." *ACCOSIF*, 2000 OK 21, ¶ 7, 1 P.3d at 992. "The present claim against [Claimant] falls instead into the pro tanto recoupment category prescribed by the provisions of 85 O.S.1991 § 44(a)." *Id.*

¶ 19 In an action for reimbursement under § 44(a), neither the workers' compensation employer nor its insurance carrier pursues the party responsible for the loss, as in a subrogation action. Rather, the employer or its insurance carrier enforces its right of reimbursement against the claimant, who, as the party injured, has recovered from the party who ought to bear the loss, i.e., the person causing his injuries, and who is now

holding funds, which in equity, should be paid back to the benefit provider.

¶ 20 Employer did not specifically waive its right to reimbursement, but rather waived its right to recover from the third party who caused the injury. The third-party recovery in Claimant's hands is now regarded as compensation for his injuries, and § 44(a) grants to the Employer the right to recoup its payments of workers' compensation benefits from Claimant's third-party recovery. This is not subrogation, and the three-judge panel erred in holding otherwise. To the extent of the payment of workers' compensation benefits, Frank's and Argonaut are statutorily entitled to proportional reimbursement.[3]

¶ 21 We therefore hold the Workers' Compensation Court erred in awarding the withheld funds to Grey Wolf. The order of the three-judge panel should be vacated, and the cause remanded for entry of an order granting reimbursement to Employer.

¶ 22 That said, however, it is clear both the trial court and the three-judge panel believed that Frank's and Argonaut had waived whatever rights they had to pursue the third-party recovery in Claimant's hands, and determined only the entitlement to that $85,000.00 portion of the third-party recovery held by Claimant's attorney. Consequently, neither the trial court nor the three-judge panel made any of the calculations mandated by § 44(a) to determine what share of the third-party recovery Frank's and Argonaut would be entitled.

¶ 23 We have held Frank's and Argonaut did not waive their right to seek reimbursement, the three-judge panel erred in holding otherwise, the order of the three-judge panel must consequently be vacated, and the cause remanded for entry of an order granting relief to Employer. However, inasmuch as the Workers' Compensation Court has not determined what proportion of Claimant's third-party recovery is available for reimbursement according to the formula set forth in § 44(a), the Workers' Compensation Court must, on remand, make a determination under the § 44(a) formula of what proportion of

the Claimant's third-party recovery Frank's and Argonaut are entitled.

¶ 24 The order of the three-judge panel is VACATED, and the cause REMANDED with instructions to enter an order granting reimbursement according to the formula set out by § 44(a).

BUETTNER, P.J., and GOREE, J., concur.

---

**3.** Additionally, Employer asserts the waiver violates public policy. In view of our holding and

recognition of the right of reimbursement under § 44(a), there is no violation of public policy.