2015 OK CIV APP 63

**Ross FORD, Plaintiff/Appellant,**

v.

**Peggy GARY and James P. Zink, Defendants/Appellees,**

v.

**City of Tulsa and Farmers Insurance Company, Intervenors/Appellees.**

**No. 112,877.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 3, 2015.

---

Gary A. Eaton, Eaton & Sparks, Tulsa, Oklahoma, and Michael R. Green, Tulsa, Oklahoma, for Appellant.

Bob L. Latham, Brian L. Carter, Brandy L. Inman, Latham, Wagner, Steele & Lehman, P.C., Tulsa, Oklahoma, for Appellee City of Tulsa.

A. Mark Smiling, Shana E. Burgess, Smiling, Wangsgard, Smiling & Burgess, Tulsa, Oklahoma, for Appellee Farmers Insurance Company.

LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Ross Ford (Plaintiff) seeks review of the trial court's order apportioning the proceeds of Plaintiff's settlement with Defendants/Appellees Peggy Gary and James P. Zink between Plaintiff and Intervenors/Appellees City of Tulsa and Farmers Insurance Company. In this appeal, Plaintiff challenges the trial court's order as contrary

1. Ford settled his claim against Defendant Gary for the sum of $235,000.00, and his claim against

to 36 O.S. § 3636, 85 O.S. § 44, and the precedential pronouncement of *Prettyman v. Halliburton Co.*, 1992 OK 63, 841 P.2d 573.

¶2 Plaintiff worked for Intervenor/Appellee City of Tulsa (City) as a motorcycle police officer. On March 27, 2007, while acting in the course and scope of his employment, Plaintiff suffered substantial personal injuries in a collision with the vehicle owned and operated by Defendants/Appellees Peggy Gary and James P. Zink (Defendants). Plaintiff sought and received workers' compensation benefits from City for medical treatment, temporary total disability and permanent partial disability in the total amount of $200,534.00.

¶3 At the time of the collision, Plaintiff was also covered by the uninsured/underinsured (UM) provisions of a policy of insurance issued by Intervenor/Appellee Farmers Insurance Company (Farmers). From Farmers, Plaintiff eventually collected $250,000.00 under the uninsured/underinsured provisions of his Farmers' insurance policy.

¶4 In 2009, Plaintiff commenced a negligence action against Defendants in the trial court. City intervened, asserting a right of recoupment under 85 O.S. § 44 to the extent of its payment of workers' compensation benefits to Plaintiff. Farmers intervened, asserting a right of subrogation under 36 O.S. § 3636 to the extent of its UM payments to Plaintiff. Plaintiff subsequently settled his negligence claims against Defendants for the total sum of $250,000.00.[1]

¶5 Plaintiff then sought the apportionment of the proceeds of settlement with Defendants between City, Farmers and himself. Plaintiff asserted that the amount of the settlement was less than the total amount of the workers' compensation benefits paid by City and the UM payments by Farmers, and that the settlement consequently constituted a "compromise settlement" as defined in *Prettyman.* So, said Plaintiff, the trial court should first deduct his litigation expenses and attorney's fees incurred in prosecution of the negligence claims against Defendants,

Defendant Zink for $15,000.00.

then equitably divide the remainder of the settlement proceeds among City, Farmers and him as directed by § 44.

¶ 6 City asserted the settlement with Defendants exceeded the amounts paid or payable in workers' compensation benefits to Plaintiff, that the settlement was not a "compromise settlement" under § 44(a), and the settlement proceeds should be divided according to the § 44(a) formula set forth in *Prettyman.* Farmers asserted, under § 3636, its right to subrogation of the full amount of UM payments to Plaintiff.

¶ 7 On consideration of the parties' briefs and arguments, the trial court first held City's claim to recoupment was superior to Farmers' subrogation claim. From the $250,000.00 settlement with Defendants, the trial court then deducted $124,142.00 for Plaintiff's litigation expenses and attorney's fees, and, of the remainder of the settlement proceeds, awarded to City $100,686.37, awarded to Farmers $25,172.00, and awarded nothing to Plaintiff. Plaintiff appeals.

¶ 8 In his single proposition, Plaintiff asserts that neither § 44, nor § 3636, recognizes any priority of the right to recoupment of a workers' compensation provider over the subrogation rights of an insurer, that the right of recoupment and right to subrogation stand on equal footing, and the trial court erred in according City's recoupment claim superior to Farmer's subrogation claim. In support of this position, Plaintiff relies on *Mustain v. U.S. Fidelity & Guar. Co.,* 1996 OK 98, 925 P.2d 533, for the proposition that there is "no general rule for determining primary, secondary, and tertiary priorities among multiple UM insurers and distributing the burden of loss," and "insurers ... [may] press for adjustment or apportionment of the indemnity among themselves as required by the law of insurance [and] a judicial determination of the primary, secondary, and tertiary priority among insurers pursuant to the applicable UM insurance policies." 1996 OK 98, ¶¶ 9, 10, 925 P.2d at 536. Accordingly, says Plaintiff, because a workers' compensation payor and a UM payor enjoy no priority one over the other pursuant to § 44 and § 3636, and because there are no set rules for determining the priority among multiple

payors, Plaintiff again argues that, because the total amount received in third-party settlement proceeds was less than the total amount received in workers' compensation and UM payments, the trial court should have affected an equitable division of the settlement proceeds after deduction of attorney's fees and expenses.

¶ 9 This case requires the construction and application of 36 O.S. § 3636 and 85 O.S. § 44, two statutory provisions arguably touching on the same subject. Questions of statutory construction present questions of law that we review *de novo* and over which we exercise plenary, independent and non-deferential authority. *Stump v. Cheek,* 2007 OK 97, ¶ 9, 179 P.3d 606, 609. (Emphasis original.) (Footnote omitted.) "[P]rovisions dealing with the same subject will be harmonized to give effect to both." *Glasco v. State ex rel. Oklahoma Dept. of Corrections,* 2008 OK 65, ¶ 17, 188 P.3d 177, 184. (Citations omitted.) "If there is a conflict between two statutes on the same subject and the language in one statute is general while the language in the other is specific, the specific statute will control over the general statute." *Id.*

¶ 10 Section 44(a) of title 85, O.S., mandates the apportionment of third-party settlement proceeds to a claimant and grants the payor of workers' compensation benefits the right of "*statutory pro tanto recoupment.*" *ACCOSIF v. American States Ins. Co.,* 2000 OK 21, ¶ 2, 1 P.3d 987, 990. (Emphasis original.) "In an action for reimbursement under § 44(a), neither the workers' compensation employer nor its insurance carrier pursues the party responsible for the loss, as in a subrogation action." *Frank's Tong Service v. Lara,* 2013 OK CIV APP 22, ¶ 19, 298 P.3d 539, 543. "Rather, the employer or its insurance carrier enforces its right of reimbursement against the claimant, who, as the party injured, has recovered from the party who ought to bear the loss, i.e., the person causing his injuries, and who is now holding funds, which in equity, should be paid back to the health care provider." *Id.*

¶ 11 Section 3636(F) of title 36, O.S., grants to the payor of UM benefits the right

of subrogation to recover to the extent of UM payments made to its insured.[2] "Subrogation is a derivative concept, and 'allows an insurer who has paid coverage to stand in the shoes of the insured and pursue recovery from a third party primarily responsible for the insured's loss which the insurer both insured and reimbursed,' thus 'plac[ing] the entire burden on the party ultimately responsible for the loss and who should pay it.'" *Frank's Tong Service*, 2013 OK CIV APP 22, ¶ 16, 298 P.3d at 543.

¶ 12 Section 3636 of title 36, O.S., grants to the UM insurer the right of *subrogation* to recover *from the defendant tortfeasor* UM *payments to its insured* in its capacity *as the insured's representative.* It applies generally to all UM payments made by the insurer to its insured. Section 44 of title 85 O.S., grants to the payor of workers' compensation benefits the *right to recoup* from the workers' compensation claimant a share of the proceeds of claimant's settlement with the tortfeasor *from the settling claimant. Frank's Tong Service*, 2013 OK CIV APP 22, ¶¶ 12–14, 298 P.3d at 542–543. Section 44 is a specific statute which only applies when a claimant has received both payments of workers' compensation benefits and the proceeds of a settlement with the third-party tortfeasor.

¶ 13 The present case involves the right of City, as workers' compensation provider, to "statutory pro tanto recoupment" of workers' compensation benefits paid from Plaintiff, the workers' compensation claimant and recipient of a third-party settlement for the same injuries. This is not a case of Farmers, the UM payor, proceeding directly against Defendants and asserting its right of subrogation standing in the shoes of Plaintiff to the extent of its payment of UM funds to Plaintiff. That said, this case is governed by the specific provision of § 44, not the general provision of § 3636.

¶ 14 As to the apportionment of settlement proceeds, § 44(a) directs a different division depending on the extent of the workers' compensation claimant's third-party recovery. If, having sought and received payments of workers' compensation benefits, the workers' compensation claimant pursues his remedy against a third-person in district court, and, by "compromise settlement," recovers from the third-party a sum less than that to which the claimant would be entitled in statutory workers' compensation benefits, then, under § 44(a), the employer is liable only for the "deficiency" between the amount recovered and the amount payable under the Workers' Compensation Act, and the district court possesses the authority to equitably divide the proceeds of the third-party settlement. *See, Prettyman*, 1992 OK 63, ¶ 16, 841 P.2d at 579.[3] If, on the other hand, claimant obtains a recovery without compromise, i.e., in a sum exceeding workers' compensation benefits paid or payable, § 44(a) directs a division of the third-party recovery according to the formula set out in *Prettyman* by calculating the ratio between the workers' compensation benefits paid and the amount of the third-party recovery, and, after deducting attorney's fees to claimant's attorney in the third-party action, multiplying the balance of the third-party recovery by the calculated ratio. 1992 OK 63, ¶ 28, 841 P.2d at 582.

¶ 15 In the present case, Plaintiff asserts that, because he recovered from Defendants a sum less than the total of payments by City and Farmers, he affected a "compromise settlement" of his third-party action against Defendants, and the trial court should have equitably apportioned the balance of recovery, after deduction of attorney's fees to his attorneys, under the "compromise settlement" provision of § 44(a). According to *Prettyman*, however, the total recovery in

---

**2.** Section 3636(F) provides in pertinent part: "In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the

bodily injury for which such payment is made . . ."

**3.** Under § 44(a), a " 'compromise settlement' . . . mean[s] a compromise reached by the injured worker against a third party for less than the amount of the workers' compensation award."

the third-party action is compared to the workers' compensation benefits paid or payable to determine whether a claimant affected settlement of the third-party action with or without compromise:

Whether there is a compromise settlement, that is whether the insured employee accepts from the third party tort-feasor a settlement which is less than the amount of workers' compensation payments or the estimated total of those payments, is the focus of inquiry. When, such as in this case, the employee receives an amount greater than the workers' compensation award, it is not a recovery effected by compromise settlement within the contemplation of the statute.

1992 OK 63, ¶ 24, 841 P.2d at 581.

¶ 16 In the present case, City paid Plaintiff workers' compensation benefits in the total amount of $200,534.00. Plaintiff settled his third-party claims against Defendants for the total sum of $250,000.00. Plaintiff's recovery in the third-party action exceeded the amount of workers' compensation benefits paid to him by City. Plaintiff's settlement was not a compromise settlement. The trial court applied the *Prettyman* formula, determined City's right to recoup eighty percent of the balance of recovery from the settlement of the third-party action after deduction of Plaintiff's third-party attorney's fees, and awarded the remaining twenty percent of the third-party settlement to Farmers.

¶ 17 The trial court did not err as a matter of law or fact in apportioning the proceeds of Plaintiff's third-party settlement between City and Farmers. The order of the trial court is AFFIRMED.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.